**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

DONALD BELL,

      Petitioner,

v.                                         CASE NO: 8:06-CV-2377-T-30MAP

SECRETARY, DEPARTMENT OF
CORRECTIONS and ATTORNEY GENERAL,
STATE OF FLORIDA,

      Respondents.

_____/

## ORDER

THIS CAUSE comes before the Court upon Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2254 (Dkt. #1) filed on December 26, 2006, the Government's Response (Dkt. #7) filed in opposition thereto, and the Petitioner's Reply (Dkt. #8).

## BACKGROUND

On January 5, 1991, Petitioner, Donald Bell (hereinafter referred to as "Petitioner"), received a sentence of forty (40) years with two (2) consecutive, three-year mandatory minimum sentences (Dkt. #2). Around April 1994, Petitioner began to receive gain-time credits, which continued to accumulate each subsequent month until around February 2002, when the Department of Corrections (hereinafter referred to as "Department") forfeited his gain-time credits after realizing that they were erroneously awarded. Id. After Petitioner

learned of the Department's forfeiture on February 14, 2002, he filed an informal grievance with the Department on February 22, 2002, which the Department denied. Id. Petitioner then filed a formal grievance with the Department on March 5, 2002, which the Department denied. Id. Petitioner then filed a request for an administrative remedy on March 20, 2002, which was also denied on April 19, 2002. Id. The Department explained that the court at sentencing

> ordered a three year firearm mandatory on each sentence and directed that the mandatory terms run consecutive to each other for a total mandatory of six years. At the time your sentences were structured, the department allowed the jail credit to apply to these consecutive mandatory terms. There is, however, no authority for the award of jail credit on mandatory sentencing provisions. Jail credit under s.921.161 applies to a sentence. Therefore, upon re-audit of your sentence structure on February 5, 2002, jail credit which had been applied to the 3 year mandatory term as to count 2 was removed.

Id. On November 18, 2003, Petitioner filed a petition for writ of mandamus with the Second District Court of Appeal, and the court transferred the petition to the circuit court. Id. Because Petitioner failed to provide supporting documentation showing he exhausted administrative remedies, the circuit court dismissed his petition on June 18, 2004, without prejudice to re-file. Id. Instead of refiling, Petitioner appealed the order to the Second District, which dismissed his petition on September 24, 2004, without prejudice to re-file in the circuit court. Id. Subsequently, Petitioner re-filed his petition with the supporting documents in the 10th Judicial Circuit, which was denied on the merits on March 4, 2005. Id. Petitioner appealed the order to the Second District, which affirmed the circuit court's decision on June 30, 2005. Id. Petitioner then appealed the Second District's decision, filing

a petition for writ of habeas corpus alternatively petition for writ of mandamus with the Florida Supreme Court, which was treated as a petition for writ of mandamus. Id. The Florida Supreme Court denied the petition on September 7, 2006. Id. Petitioner filed the instant Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2254 with this Court on December 26, 2006. Id.

## DISCUSSION

Petitioner raises the following grounds in his Motion to Vacate, Set Aside, or Correct Sentence:

**Ground One:**   The Department violated the due process clause by forfeiting Petitioner's gain-time credits.

**Ground Two:**   The Department violated the ex post facto clause by forfeiting Petitioner's gain-time credits.

Although the Court concludes Petitioner's claims are cognizable and that Petitioner has exhausted his state remedies, he is time barred from asserting his claims by the one year limitation on filing claims under 28 U.S.C. §2254(d). Moreover, even if Petitioner were not time barred, his petition would still fail on the merits.

## I. COGNIZABLE

The threshold issue at the outset is whether Petitioner's claim for gain-time credits, which is based on the State's alleged violation of Florida Statute § 944.275(5),[1] is cognizable

---

[1]Florida Statute § 944.275(5) provides that "[w]hen a prisoner is found guilty of an infraction of the laws of this State or the rules of the department, gain-time may be forfeited according to law." Petitioner asserts that under this section, his gain-time "credits could only be taken away for instances of misconduct" (Dkt. #2, Pet. Memo. of Law ¶ 4).

in a federal habeas proceeding.  It is well-settled that a violation of state law alone is not a basis for federal habeas relief.  See Davis v. Jones 506 F.3d 1325, 1332 (11th Cir. 2007) (quoting Carrizales v. Wainwright, 699 F.2d 1053, 1055 (11th Cir. 1983) ("A state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved.").  However, in addition to alleging a violation of state law, Petitioner also asserts that under the due process clause within the United States Constitution, he "has been denied a full and fair corrective process to address the merits of his grievances" (Dkt. #2, Pet. Memo. of Law ¶ 4).

Within the context of the due process clause, claims for gain-time credits based on a State's forfeiture are cognizable in a federal habeas proceeding.  See Preiser v. Rodriguez, 411 U.S. 475, 487 (1973) ("Even if the [the New York State Department of Correctional Service's] restoration of the respondents' credits  would not have resulted in their immediate release, but only in shortening the length of their actual confinement in prison, habeas corpus would have been their appropriate remedy."); McKinnis v. Mosley, 693 F.2d 1054, 1982 (11th Cir. 1982) ("good-time credits clearly affect the duration of confinement, and causes of actions based on loss of such credits are properly cognizable under habeas."). Additionally, claims for gain-time credits founded on ex post facto grounds have been addressed by federal courts as well.  See Lynce v. Mathis, 519 U.S. 433, 441 (1997) (reversing the 11th Circuit Court of Appeals' decision holding a statute that retroactively canceled gain-time credits did not violate the ex post facto clause).  Accordingly, the Court concludes that Petitioner's claims are cognizable.

## II. PROCEDURAL BAR

Petitioner must have exhausted all state remedies in order to properly bring his petition.  See Mauk v. Lanier, 484 F.3d 1352, 1357 (11th Cir. 2007) ("Before bringing a §2254 petition in federal court, a petitioner must exhaust all state court remedies that are available for challenging his conviction, either on direct appeal or in a state post-conviction motion"); but see id. (quoting Castille v. Peoples, 489 U.S. 346, 350-51 (1989): "a claim can be exhausted even when there exists a possibility of further state court review, so long as the claim has been 'fairly presented' to the state courts.'").  Additionally, Petitioner must have filed his petition within the one year statute of limitation set forth by 28 U.S.C. § 2244(d).  Although Petitioner has exhausted his state remedies, the Court concludes that Petitioner is time barred because he did not file his petition within the one year limitation period.

## A. EXHAUSTION

The Government contends that Petitioner has not exhausted his state remedies:

> [N]o evidence has yet been provided demonstrating that Bell re-filed a petition with the circuit court including any evidence of exhausting his state remedies. Once again, rather than return to the circuit court and re-file with the appropriate documents, Bell filed a Petition with the Florida Supreme Court which was subsequently denied as successive.

(Dkt. #7 at 12).  In his initial motion, Petitioner attached the circuit court's first order dated on June 18, 2004, which dismissed his petition without prejudice to re-file (Dkt. # 1 at Exh. B at 2).  Although Petitioner attached to his reply the circuit court's second order, which shows he exhausted his administrative remedies, he explains that he inadvertently failed to attach this order to his initial motion (Dkt. # 8).

At the outset, because his petition was filed pro se, the Court must construe his petition liberally.  See Gunn v. Newsome, 881 F.2d 949, 961 (11th Cir. 1989) ("we have never wavered from the rule that courts should construe a habeas petition filed pro se more liberally than one drawn up by an attorney.").   In his initial motion, Petitioner made references to the circuit court's second order denying his petition on the merits.  Petitioner stated that the date of the order denying his petition was on March 4, 2005, which is the date of the circuit court's second order denying his petition on the merits, not the date of its first order dismissing his petition without prejudice to re-file (Dkt. #1 at 1).   Additionally, Petitioner included his re-filed petition as an attachment to his initial motion.  Id. at Exh. A. In fact, even the Government acknowledged Petitioner's re-filed petition twice in its response (Dkt. #7 at 3, 11).   Particularly weighing in favor of exhaustion is the fact that the circuit court's second order unequivocally states that Petitioner exhausted his administrative remedies.[2]   Accordingly, based on the foregoing considerations, the Court concludes Petitioner has satisfied the exhaustion requirement.

## B. STATUTE OF LIMITATION

As a threshold matter, Petitioner's cites to the 7th Circuit Court of Appeals' decision in Cox v. McBride, 271 F.3d 492 (7th Cir. 2002), where Judge Posner held that because a habeas petition asserting a claim with respect to a prison disciplinary board's forfeiture of

---

[2]The 10th judicial circuit's second order states in pertinent part that "[p]etitioner has provided, along with his Petition, copies of his administrative grievances and the subsequent responses from the various levels of the administrative appeals process.  The Court finds that Petitioner's grievances were properly addressed at the administrative level" (Dkt. #8).

gain-time credits does not challenge the judgment of a state court, it is not subject to the statute of limitations under 28 U.S.C. §2244(d), which is "limited to petitions filed by persons in 'custody pursuant to the judgment of a State court.'" 271 F.3d at 493 (citation omitted).  Apparently, there is a split in the federal circuit courts on this issue, and it appears that the overwhelming majority reach a different conclusion.  In Shelby v. Bartlet, 391 F.3d 1061 (9th Cir. 2004), the 9th Circuit expressly disagreed with the 7th Circuit's holding in Cox:

> We now join the Second, Fourth, and Fifth Circuits and hold that §2244's one-year limitation period applies to all habeas petitions filed by persons in 'custody pursuant to the judgment of a State court' even if the petition challenges a pertinent administrative decision rather than a state court judgment.  This interpretation is consistent with (1) the plain language of the statute, (2) the rules of statutory construction, and (3) the purposes of the AEDPA.

391 F.3d at 1063 (citation omitted); accord Allen v. White, 185 Fed.Appx. 487, 490-91 (6th Cir. 2006) (disagreeing with the 7th Circuit); Dulworth v. Evans, 442 F.3d 1265, 1267 (10th Cir. 2006) (noting that the 7th Circuit is the only court to conclude the time limitation does not apply); Kimbrell v. Cockrell, 311 F.3d 361, 363 (5th Cir. 2002) (following the other circuit courts).  It appears that neither the Supreme Court nor the 11th Circuit have expressly addressed this issue.  Therefore, without further guidance, the Court will apply the plain language of the statute.

28 U.S.C. §2244(d) sets forth the statute of limitation governing the filing of petitions for habeas relief in the federal courts.  The statute provides in pertinent part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to a judgment of a State court. The limitation period shall run from the latest of- -

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> . . .
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

(emphasis added).  Petitioner and the Government dispute whether the limitation period began to run based on subsection (A) or (D).

### i. Subsection (A)

Although Petitioner does not cite to a specific provision within 28 U.S.C. §2244(d)(1), he seems to premise his argument on subsection (A), asserting that the statute of limitation period began to run after his challenge "to the judgment of the decision entered by the circuit court dated March 4, 2005."  Pet. Reply ¶ 3.  This is the date on which the circuit court denied Petitioner's petition on the merits.  Petitioner's argument that the time began to run on the date of the order denying his petition is misplaced.  The "judgment" to which subsection (a) refers is the judgment of conviction.  In Kimbrell v. Cockrell, 311 F.3d 361 (5th Cir. 2002), the 5th Circuit discussed this point:

> Subsection (A) ties the date of filing expressly to the state court judgment pursuant to which a prisoner is in custody.  This reference, and the further reference to direct appellate review, unmistakably concern only the judgment of conviction and cannot be expanded to include an administrative ruling determining the manner in which the sentence will be carried out.

311 F.3d at 364; See Burton v. Stewart, 549 U.S. 147, 127 S.Ct. 793, 798-799 (explaining that the term "judgment" in this context means the conviction and sentence); Holland v. Florida, 539 F.3d 1334, 1338 (11th Cir. 2008) (quoting Coates v. Byrd, 211 F.3d 1225, 1126 (11th Cir. 2000): "A judgment of conviction becomes final when 'the Supreme Court has had an opportunity to review the case or the time for seeking review has expired.'") (emphasis added). Petitioner was convicted and sentenced on January 25, 1991 (Dkt. #2 at Exh. A at 1). Accordingly, under subsection (A), Petitioner's limitation period began to run on this date with respect to the "judgment" of the state court, not on March 4, 2005. Burton, 549 S.Ct. at 798. Because well over one year has elapsed since this date, Petitioner's time to file his petition has expired under subsection (A).

### ii. Subsection (D)

The Government also does not cite to a specific provision within 28 U.S.C. §2244(d)(1), but seems to premise its argument on subsection (D), asserting that the time limitation began to run on February 14, 2002, when Petitioner discovered that his gain-time credits were forfeited. Gov. Mot. ¶ 12. Indeed, because the statute of limitation begins to run "from the latest of" the conditions set forth by the statute, Petitioner's time to file his claim in this case began to run when he discovered "the factual predicate of [his] claim" under subsection (D). Further, in analyzing whether the one year limitation period expired before Petitioner filed his petition with this Court, 28 U.S.C. §2244(d)(2) tolled Petitioner's time to file his petition while his "application for State post-conviction or other collateral

review" was pending.  It appears that Petitioner is time barred.

From the record, it is not clear when Petitioner first filed his petition in state court.

However, in his second petition to the circuit court, Petitioner stated that on

> November 17, 2003, a previous petition for writ of mandamus under this very issue was filed with the Second District Court of Appeal which transferred said petition to this honorable court, of the tenth judicial circuit, which subsequently upon finding the petitioner insolvent, did assign the petition 'case no.: 252004CA000069.

> After which Petitioner humbly sought (to) supplement his petition, this court dismissed without prejudice his petition on June 18, 2004, to appeal this honorable court's order, to re-file petition with supporting documentation of exhausted administrative remedies.

(Dkt. #2).  November 17, 2003, is the earliest date Petitioner suggests he filed his petition in state court.  If Petitioner filed his petition on November 17, 2003, because the statute of limitation period began to run on February 14, 2002, the limitation period would have already expired even with tolling the one year period during the pendency of the grievance proceedings.

This Court concludes that the time period is tolled while a grievance is pending with the administrative board.  In <u>Kimbrell</u>, the 5th Circuit stated that,

> Kimbrell knew he was deprived of several thousand days good-time credit, for possessing paraphernalia that could be used to escape, when the hearing was held on December 2, 1998.  His federal petition was filed in November, 2000, nearly two years later.  <u>While the timely pendency of prison grievance procedures would have tolled the one-year period</u>, Kimbrell did not institute them until more than a year after the disciplinary hearing.

311 F.3d at 361 (emphasis added); <u>see</u> <u>also</u> <u>Henderson v. Thornton</u>, No. 2:06CV2-B-A, 2006 WL2529935, at *2 (N.D. Miss. Aug. 30, 2006) (following <u>Kimbrell</u>); <u>Miskovsky v. Franklin</u>,

No. CIV-05-1436-HE, 2006 WL 771476, at *4 (W.D. Okla. Mar. 27, 2006) (discussing the 5th Circuit's approach in Kimbrell).  Unlike the petitioner in Kimbrell who waited over a year to institute a grievance procedure after he discovered the factual predicate of his claim for forfeited gain-time credits, Petitioner instituted prison grievance procedures on February 22, 2002, only seven days after he discovered the Department's forfeiture of his gain-time credits (Dkt. #2 at Exh. A).

It appears that the 11th Circuit has not resolved whether pending grievance procedures toll the limitation period.  See Anderson v. Attorney General of Florida, No. 04-15378, 2005 WL 1367296, at **1-2 (11th Cir. June 10, 2004) (acknowledging the petitioner's argument that his filing of an administrative grievance seeking forfeited gain-time credits tolled the one year limitation period, but never resolving the issue since the petitioner filed his grievance after the limitation period expired); Bridges v. Johnson, 284 f.3d 1201, 1203-04 (11th Cir. 2002) ("[W]e agree with the district court's conclusion that sentence review does not qualify under the statute as 'State post-conviction or other collateral review,' 28 U.S.C. §2244(d)(2), and does not toll the §2244(d) limitations period.") (emphasis added).  But, the 5th Circuit's interpretation makes sense because if a prisoner is required to exhaust administrative remedies before filing a post-conviction motion, and if the administrative procedure takes longer than one year, then the petitioner could be time barred based on no fault of his own.

However, even if the time for filing tolled while Petitioner sought administrative remedies, he would still be time barred.  The Department denied Petitioner's appeal of his formal grievance on April 19, 2002.  Because it appears that the earliest date Petitioner first

filed his petition in state court is November 17, 2003, more than one year passed between the expiration of his administrative remedies and his filing in state court.[3]  Finally, Petitioner does not raise an equitable tolling claim.  <u>See</u> <u>Downs v. McNeil</u>, 520 F.3d 1311, 1319 (11th Cir. 2008) ("[E]quitable tolling of the limitations period is warranted 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.'") (citation omitted).  Accordingly, the Court concludes that Petitioner is time barred from asserting his claims.

## III. MERITS

Even if Petitioner were not time barred from asserting his claims, this Court would still deny his petition because the Department did not violate the due process clause or the ex post facto clause in the United States Constitution.

## A. DUE PROCESS

Petitioner asserts that the Department's forfeiture of his gain-time credits under the guise of correcting an error violated his right to due process under the United States Constitution, which prohibits a state from depriving a citizen's "life, liberty, or property without due process of law."  <u>U.S. Const. amend. IVX</u>.  The resolution of whether Petitioner's right to due process was violated involves a two-step analysis, requiring the Court to first determine whether Petitioner had a protected interest that the due process clause

---

[3]Because more than one year passed, even if "the factual predicate" of Petitioner's claim that triggered the limitation period was the administrative board's final decision, as opposed to the audit Petitioner first received indicating the Department's forfeiture, Petitioner would still be time barred.  <u>See</u> <u>Brown v. Barrow</u>, 512 F.3d 1304, 1307 (11th Cir. 2008) (concluding that the final decision of a parole board was "the factual predicate" for the petitioner's claim).

protects, and then if so, determine whether Petitioner was "afforded due process in conjunction with the deprivation of that interest." Bass v. Perin, 170 F.3d 1312 (11th Cir. 1999).

First, regarding Petitioner's interest in the gain-time credits he was awarded, in Wolff v. McDonnell, 418 U.S. 539 (1978), the United States Supreme Court declared that gain-time credits constitute a liberty interest protected by the due process clause. 418 U.S. at 558; see also Powell v. Ellis, 2007 WL 2669432, at *4 (N.D. Fla. Sep. 7, 2007) (citing Wolff and Bass for the proposition that "the deprivation of gain time credits through disciplinary proceedings does impose a significant hardship which creates a liberty interest meriting due process protections."). However, because the gain-time credits were erroneously awarded, Petitioner did not actually have a protected liberty interest in the gain-time credits. See Travieso v. Federal Bureau of Prisons, Warden, No. 06-13358, 2007 WL 496638, at *2 (11th Cir. Feb. 16, 2007) ("[I]t is undisputed that the credit was given to Travieso in error. As such, Travieso had no protected liberty interest in the credit because it was not authorized by statute, and he was not entitled to it."). Under the terms of the sentencing order, Petitioner was not entitled to the gain-time credits that the Department awarded (Dkt.# 1). Therefore, he did not have a protected liberty interest in the gain-time credits.

Second, even if Petitioner had a protected liberty interest in the gain-time credits, Petitioner was afforded due process to address his grievance of the Department's forfeiture. This Court does not review the merits of his grievance claim, but only the merits of the process that Petitioner was afforded to address his grievance. In doing so, there does not

appear to be any specific requirements of due process set forth by case law to address the revocation of gain-time credits based on a miscalculation.  Cf.  Bass, 170 F.3d at 1312 (listing specific requirements of due process when prisoners face disciplinary action). However, under the state's regulatory scheme, Petitioner was afforded an adequate and fair opportunity to address his claim at the administrative and judicial level on multiple occasions.  Accordingly, because Petitioner had no liberty interest in gain-time credits that were erroneously awarded, and because Petitioner still received due process to address his grievance, the Court denies his petition on this basis.[4]

## B. EX POST FACTO

Petitioner's ex post facto argument is without merit.  With respect to the United States Constitution's prohibition against ex post facto laws, the United States Supreme Court has explained that

> The bulk of our *ex post facto* jurisprudence has involved claims that a new law has inflicted 'a greater punishment, than the law annexed to the crime, when committed.' . . .  To fall within the *ex post facto* prohibition, a law must be retrospective-that is, 'it must apply to events occurring before its enactment'- and it 'must disadvantage the offender affected by it,' by altering the definition of criminal conduct or increasing the punishment for the crime.

---

[4]Relying on Breest v. Helgemoe, 579 F.2d 95 (1st Cir. 1978), Petitioner also asserts that even if the Department had authority to forfeit his gain-time credits, its authority "must be subject to some temporal limits [and in some circumstances] might be fundamentally unfair, and thus violative of due process."  579 F.2d at 101.  Notably, Petitioner leaves out of the quote the previous part of the sentence, which states that "the power of a sentencing court to correct even a statutorily invalid sentence must be subject to some temporal limit."  Id. (emphasis added).  This decision does not discuss the power of an administrative board to correct a gain-time credit error.

Lynce v. Mathis, 519 U.S. 433, 441 (1997).  Petitioner concedes that there was no newly enacted statute or legislation that was retroactively applied (Dkt. #2, Pet. Memo. of Law ¶ 4). Nonetheless, Petitioner asserts that, in principle, the Department's forfeiture violated the ex post facto clause because it lengthened Petitioner's confinement.  Petitioner only cites to Lynce and Weaver v. Graham, 450 U.S. 24 (1981), which are both clearly distinguishable from the facts here because they involved the retroactive application of a statute, not a correction of an error.  Petitioner cites to no case that actually supports his "retroactive in principle" argument.   Moreover,  the Department forfeited Petitioner's gain-time credits because it was correcting its own error in order to comply with the circuit court's sentencing order, which the Department is authorized to do.  See Vereen v. State, 784 So. 2d 1183, 1184-85 (Fla. 5th Dist. App. 2001) (explaining that the petitioner presented no authority indicating that the Department of Corrections cannot correct its own erroneous credit awards).  Finally, the Department's forfeiture did not "increase the punishment for the crime," see Lynce, 519 U.S. at 441, because the Department was merely complying with the sentencing order, which was the original punishment.  Accordingly, the Court concludes that the Department's forfeiture of Petitioner's gain-time credits did not violate the ex post facto clause of the United States Constitution.

## CONCLUSION

It is therefore ORDERED AND ADJUDGED that:

1.    Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2254 (Dkt. #1) is DENIED.

2.      The Clerk is to enter judgment for Respondent, Florida Department of Corrections, terminate any pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on October 29, 2008.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

F:\Docs\2006\06-cv-2377.deny 2254.wpd